| | |
|---|---|
| DISTRICT COURT, ROUTT COUNTY, COLORADO<br>Routt County Justice Center<br>1955 Shield Drive, Unit 200<br>Steamboat Springs, CO 80487<br>(970) 879-5020 | DATE FILED: April 17, 2017 9:30 AM<br>FILING ID: F50CCA6A98EDA<br>CASE NUMBER: 2017CV30032 |
| Plaintiff: AMERICAN TOWING AND ROAD SERVICE, INC.<br>v.<br>Defendant: AMERICAN STATES INSURANCE COMPANY and GLOBAL CLAIM SERVICES, INC. | Case Number: 2017CV____ |
| Drew Johnroe, #8083<br>Drew Johnroe, P.C.<br>1041 Lincoln Ave., Suite 300<br>P.O. Box 772842<br>Steamboat Springs, CO  80477<br>Phone Number: (970) 879-3440<br>FAX Number: (970) 879-0328<br>E-mail: djpc@johnroelaw.com | Div.:       Ctrm: |

**COMPLAINT**

COMES NOW the Plaintiff, American Towing and Road Service, Inc., by and through counsel, Drew Johnroe, P.C., and in Complaint against the above-named Defendants, avers, alleges, and states as follows:

**GENERAL ALLEGATIONS/JURSIDICTION/VENUE**

1. Plaintiff American Towing and Road Service, Inc. (hereinafter "American Towing") is a corporation, incorporated under the laws of the State of Colorado, authorized and registered to do business in the State of Colorado, duly authorized by the State of Colorado to transact business in the State of Colorado as a towing company.

2. Defendant American States Insurance Company (hereinafter "American States") is a corporation, incorporated under the laws of the State of Indiana, authorized and registered



to do business in the State of Colorado, duly authorized by the State of Colorado to transact business in the State of Colorado as a provider of multiple lines of insurance, including but not limited to Commercial Lines Insurance and Motor Vehicle Insurance.

3. On April 19, 2016, American Towing had in effect a commercial insurance policy for the benefit of Plaintiff American Towing, with Defendant American States, Policy Number 01 CI 800286 20, together with its endorsements (hereinafter the "Policy" or "Contract").

4. At all times relevant and on April 19, 2016, and up to the present, American Towing was an insured of Defendant American States and a beneficiary of the Policy's provisions providing comprehensive and collision coverage for a 2015 Kenworth, Vehicle Identification Number 1NKHHJ6X3FF437989, (hereinafter the "Kenworth").

5. On April 19, 2016, on U.S. Highway 40, mile marker 160, Grand County, Colorado, at approximately 1600 hours, there occurred a motor vehicle collision, as defined by the Policy (hereinafter the "Collision" or "Occurrence"), involving the Kenworth.

6. At the time of the Occurrence/Collision, and at all times relevant, the Kenworth was owned by American Towing and was a "covered auto" as defined by the Policy.

7. As a result of the Occurrence/Collision, American Towing suffered a total loss of the Kenworth.

8. Towing charges have been incurred by American Towing as a result of the Occurrence/Collision in the approximate amount of $5650.00.

9. Storage charges have been incurred by American Towing as a result of the Occurrence/Collision in the approximate of $7275.00.

10. On or about April 19, 2016, to present, American Towing made, and has had pending, a claim for insurance benefits (hereinafter the "Claim"), under the Policy, said claim

(Claim Number 9917 7132 6069) made by Plaintiff American Towing for losses and damages covered by the Policy and occasioned as a result of the Occurrence/Collision.

11. Defendant Global Claim Services, Inc. (hereinafter "Global Claim") is, upon information and belief, an entity or corporation organized and operating under the laws of the State of North Carolina, authorized and registered to do business in the State of Colorado, duly authorized by the State of Colorado to transact business in the State of Colorado, and is, and at all times relevant was, the third-party claims administrator for American States, and an agent of American States, acting within the scope of its authority and agency, for purposes of processing and adjusting the Claim of American Towing and providing benefits to American Towing under the Policy.

12. On or after April 19, 2016, and to present, Defendants American States and Global Claim participated in adjusting and processing Plaintiff American Towing's claim for benefits under the Policy.

13. Processing of American Towing's claim for benefits under the Policy was assigned to Global Claim by American States for adjustment, and the duties of American States were delegated by American States to Global Claim, for processing and adjustment of the Claim, and adjustment of the Claim under the Policy, common law, and Colorado statutes.

14. From April 19, 2016, to present, Steven Gagnon was acting, at all times relevant herein, within the scope of his agency and employment of Global Claims.

15. From April 19, 2016, to present, Theresa Roper was acting, at all times relevant herein, within the scope of her agency and employment of Global Claims.

16. Defendants American States and Global Claim have wrongfully delayed and denied American Towing's Claim for benefits under the Policy, and have violated their duties and obligations afforded American Towing by virtue of the Policy, Colorado common law, and Colorado statutes.

17. The Claim of American Towing, under the Policy, for benefits due it regarding the comprehensive, collision, and property damage coverage was not paid, despite demand, as to the actual cash value of the Kenworth until after February 13, 217.

18. Defendants American States and Global Claim have denied American Towing's Claim for benefits owed, under the Policy, for loss of use, storage, and towing costs, despite demand.

19. Jurisdiction is proper in the District Court of Routt County as it is a court of general jurisdiction.

20. Venue is proper in Routt County, Colorado, as this is an action upon contract for services and benefits which were to be performed and afforded Plaintiff in Routt County, Colorado.

21. Plaintiff American Towing has performed all conditions precedent to filing this action.

### **FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

22. Plaintiff incorporates Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendant American States entered into a contract, the Policy, with Plaintiff American Towing to insure the 2015 Kenworth.

24. At all times relevant, Plaintiff American Towing was a beneficiary of a contract for insurance (the Policy) between American States and American Towing, said Policy providing benefits and coverage for the Kenworth under the comprehensive, collision, and property damage sections of the Policy, including the benefit of indemnification of American Towing for the actual cash value of the 2015 Kenworth, loss of use, towing charges, and storage charges and those matters associated with the Occurrence/Collision of April 19, 2016.

25. From April 19, 2016, through present, the Plaintiff American Towing's Claim for benefits due under the Policy has been pending.

26. The Policy includes implied duties of good faith and fair dealing.

27. American States owed American Towing certain duties including the duty to timely adjust Plaintiff's claim for loss and indemnify Plaintiff for the cash value of the 1996 Freightliner.

28. The Plaintiff substantially performed and complied with its part and duties under the Contract.

29. The Defendant American States failed to timely adjust and pay Plaintiff's Claim for benefits due American Towing under the Policy/Contract.

30. Said actions of Defendants constitute breach of contract, and have continued, in part, to the present.

31. Plaintiff has been damaged thereby, including but not limited to, benefits due it under the Policy that were improperly delayed and/or denied.

## SECOND CLAIM FOR RELIEF

### (Breach of Duty of Good Faith and Fair Dealing)

32. Plaintiff incorporates Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. American States and Global Claim owed to Plaintiff, at all times, certain duties including the duty to timely and fairly adjust Plaintiff's Claim for losses covered by the Policy.

34. The Defendants American States and Global Claim have denied and delayed payment of benefits to the Plaintiff.

35. The Defendants' denial and delay of payment is without a reasonable basis.

36. Defendant American States owed, and to the present time owes, to Plaintiff American Towing, the duty of good faith and fair dealing.

37. Defendant Global Claim owed, and to the present time owed, to Plaintiff American Towing, the duty of good faith and fair dealing.

38. Defendants American States and Global Claim have breached the duty of good faith and fair dealing owed to Plaintiff.

39. Plaintiff American Towing has suffered injuries, damages, and/or losses.

## THIRD CLAIM FOR RELIEF

### (Bad Faith Breach of Insurance Contract)

40. Plaintiff incorporates Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The Defendants have denied and delayed payment of benefits to the Plaintiff which were otherwise owed and demanded.

42. The Defendants have engaged in unfair claims settlement practices pleaded by way of illustration rather than by limitation as follows:

    a. Refusing to pay claims without conducting a reasonable investigation based upon all available information.

    b. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss.

    c. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of Plaintiff's claims in which liability has become reasonably clear.

    d. Compelling American Towing to institute litigation to recover amounts due under the policy by offering substantially less that the amounts due.

43. The Defendants' denial and/or delay of payment was, and is, without a reasonable basis.

44. Plaintiff has been damaged thereby.

## FOURTH CLAIM FOR RELIEF

### Statutory Claim/C.R.S. 10-3-1116

45. Plaintiff incorporates Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Defendants American States and Global Claim breached their duty of good faith and fair dealing owed to Plaintiff American Towing in their adjusting, handling, and/or processing of the Plaintiff American Towing's Claim for benefits due under the Policy,

industry standards, and as provided by law, pleaded by way of illustration rather than limitation as follows:

    a. Denying, refusing to authorize and pay for, and/or delaying benefits owed to Plaintiff American Towing for indemnification of property damage, the actual cash value of the Kenworth, loss of use, towing, storage costs, and/or delaying payment of the lesser of the repair costs and/or actual market value of the 2015 Kenworth;

    b. Refusing to pay and/or delaying payment of benefits and claim of American Towing from April 19, 2016, to present, without conducting a reasonable investigation, based upon available information, including, but not limited to, the actual cash value of the 2015 Kenworth, and delaying and denying payment of benefits for towing charges, storage charges, and loss of use; and

    c. Not attempting, in good faith, to effectuate prompt, fair and equitable settlement of American Towing's claim.

47. Defendants American States' and Global Claims' delays, violations of duty, and/or denials and breaches of duties referenced herein, were without reasonable basis.

48. Defendants American States and Global Claim knew their conduct, various breaches of duty, delay and/or denials were unreasonable and/or recklessly disregarded the fact that no reasonable basis existed for denial/delay and unreasonable processing of Plaintiff American Towing's claim.

49. Defendants American States and Global Claim knew, or should have known, that their violations of duty, referenced above, including, but not limited to, their denial of Plaintiff's claim for benefits, delay in handling and processing Plaintiff's claim, failure to

communicate or respond to Plaintiff's claim, and their compelling Plaintiff to institute litigation to recover amounts due was unreasonable, or recklessly disregarded the fact that the refusal to provide coverage and benefits (and communicate and respond to Plaintiff under the Policy), and pursuant to statute was unreasonable.

50. Plaintiff American Towing is a first party claimant as defined by C.R.S. 10-3-1116, whose claim for benefits has been unreasonably delayed and/or denied.

51. Plaintiff claims damages pursuant to C.R.S. 10-3-1116(1), including reasonable attorney's fees, court costs, and two times the covered benefit delayed and/or denied.

WHEREFORE Plaintiff respectfully requests judgment enter in its favor and against Defendants, jointly and severally, for costs and attorney's fees in an amount reasonably calculated to compensate Plaintiff for its damages and losses, for statutory damages of two times the covered benefit delayed and/or denied pursuant to C.R.S. 10-3-1116, for costs, for attorney's fees, and for such other and further relief as the court deems proper.

Respectfully submitted this 17th day of April, 2017,

DREW JOHNROE, P.C.
*Original signature on file*.

By: _____
*/s/ Drew Johnroe*

Plaintiff's Address:
American Towing and Road Service, Inc.
P.O. Box 881625
Steamboat Springs, CO 80488
Telephone No.: (970)879-1179

PLAINTIFF DEMANDS TRIAL BY JURY OF SIX.